UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:07-cr-53-J-32HTS

ANTHONY TYRONE GOOCH
_____

**REPORT AND RECOMMENDATION**[1]

**I. Status**

This cause is before the Court on the Motion to Suppress Evidence and Statements (Doc. #24; Motion), filed on June 15, 2007. The government filed opposition in response to the Motion on July 2, 2007.  *See* Government's Response to Defendant's Motion to Suppress (Doc. #29).  An evidentiary hearing was held before the undersigned on July 5, 2007.

**II. Testimony**

**A. Treval Francis**

Mr. Francis is friends with Anthony Gooch and has known him more than seven years.  On the evening of February 6, 2007, Francis was driving a Chrysler that was stopped by the police for an expired or altered temporary tag.  Mr. Gooch was a passenger in the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

front seat, and there was also an individual seated in the back seat. After the car was pulled over, police approached on each side of the vehicle and asked about the presence of any drugs or firearms. This may have been the first question asked. Francis indicated he had none, but Mr. Gooch acknowledged that he (Gooch) was armed. He was instructed to retrieve the firearm, but he declined to do so, indicating instead the officer could obtain it. After that, the occupants were removed from the vehicle. No more than five minutes elapsed between Mr. Francis pulling over for the police and Defendant being removed from the vehicle.

Mr. Francis was issued a citation at the end of the encounter. He and the man who had been riding in the back seat of the Chrysler were ultimately released at the scene and permitted to drive away.

**B. Officer Medlock**

Officer Gerald Scott Medlock has been employed by the Jacksonville Sheriff's Office for nine years. Previously, he worked for three years with the Florida Department of Environmental Protection. At approximately 8:00 p.m. on February 6, 2007, Officer Medlock participated in a traffic stop, along with Officer Perrotti. The stop had been initiated due to observation of an altered temporary tag. As soon as the vehicle was stopped, the officers approached it, with Officer Medlock on the passenger's side. The men smelled marijuana as they drew closer to the automobile. Officer Medlock asked Mr. Gooch whether he had any

- 2 -

illegal drugs or weapons. Defendant responded that a gun was in his waistband. Officer Medlock took the firearm, handcuffed Defendant, patted him down, and placed him in the rear of a police cruiser. Mr. Gooch was not threatened in any way. Using a card he carried with him, Officer Medlock read the *Miranda* rights[2] to Mr. Gooch while he was in the patrol unit. After being informed of his rights, Defendant stated that he understood and thereafter engaged in a conversation with the patrolman. He explained he had had problems in the neighborhood and needed the gun for protection.

### III.  Summary of Argument

Defendant asks the Court to suppress evidence seized and statements made subsequent to the February 6, 2007, traffic stop. *See* Motion at 1. Defendant contends "the evidence and statements were obtained in violation of the Fourth and Fifth Amendments to the United States Constitution." *Id.* Specifically, it is argued questioning about weapons occurred after "the lawful traffic stop ended[,]" *id.* at 2, and therefore "Mr. Gooch was detained beyond

---

[2] Defendant was told he had a right to remain silent, that anything he said could be used against him in court, that he had a right to talk to a lawyer before any questioning and to have a lawyer present with him when he was questioned, that if he could not afford a lawyer one would be appointed at no cost, and he was free, should he decide to answer questions now, to stop at any time and consult with a lawyer. This recitation fully comports with the requirements of *Miranda*. *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

the time reasonably required to issue a warning ticket." *Id.* at 3-4 (capitalization and emphasis omitted).[3]  In addition, "[d]ue to the illegality of the search," Defendant argues, his "statements are also subject to the exclusionary rule pursuant to the fruit of the poisonous tree doctrine." *Id.* at 5.  At the hearing, defense counsel clarified the legality of the initial stop was not being challenged, only its duration, and the only physical evidence sought to be suppressed is the handgun seized from Mr. Gooch.  Further, the sufficiency of the *Miranda* warnings provided have not been attacked.

### IV.  Analysis

Defendant principally asserts he "was detained beyond the time reasonably required to issue a warning ticket."  *Id.* at 3-4 (capitalization and emphasis omitted).  It is stated that to allow for such a prolonged detention, officers must have a reason such as articulable suspicion of criminal activity, which they did not have in this case.  *See id.* at 5.

Ordinarily, "an officer's actions during a traffic stop must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (emphasis omitted)

---

[3] The government did not explicitly concede Defendant's standing to attack the constitutionality of the detention, but it is observed a passenger in a vehicle does have standing to challenge the legality of his or her own seizure. *See Brendlin v. California*, --- U.S. ---, ---, 127 S. Ct. 2400, 2403, 2408 (2007).

(quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)); *see also United States v. Ramirez*, 476 F.3d 1231, 1236 (11th Cir. 2007). The duration of a traffic stop may not be "'any longer than necessary to process the traffic violation' unless there is articulable suspicion of other illegal activity." *Purcell*, 236 F.3d at 1277 (quoting *United States v. Holloman*, 113 F.3d 192, 196 (11th Cir. 1997)); *see also Ramirez*, 476 F.3d at 1237; *United States v. Ozbirn*, 189 F.3d 1194, 1200 (10th Cir. 1999) (detection of marijuana odor prior to completion of initial investigation justified further detention and questioning of passenger). "[P]olice officers conducting a traffic stop may 'prolong the detention to investigate the driver's license and the vehicle registration, and may do so by requesting a computer check.'" *United States v. Boyce*, 351 F.3d 1102, 1106 (11th Cir. 2003) (quoting *Purcell*, 236 F.3d at 1278). Additionally, "out of interest for the officer's safety, [it has been] found that officers may permissibly prolong a detention while waiting for the results of a criminal history check that is part of the officer's routine traffic investigation[,]" *id.*, as "long as the computer check does not prolong the traffic stop beyond a reasonable amount of time under the circumstances[.]" *Purcell*, 236 F.3d at 1279.

Here, soon after stopping the car, the police detected the smell of marijuana emanating from the vehicle.[4] At that point,

---

[4] Officer Medlock offered unrebutted testimony on this matter.

facts supporting a reasonable suspicion of illegal activity aside from the traffic violation were present, and would have justified an investigative detention of Defendant. *See, e.g., Ozbirn*, 189 F.3d at 1200; *Bryan v. Spillman*, No. 5:05-cv-94-Oc-10GRJ, 2006 WL 1793544, at *4 (M.D. Fla. June 28, 2006); *cf. United States v. Morales*, 889 F.2d 1058, 1061 (11th Cir. 1989) (per curiam). In any event, shortly after the car was pulled over, Officer Medlock asked Mr. Gooch if he had any drugs or firearms on him and Defendant responded in the affirmative. The initial questioning of Defendant seems to have proceeded in parallel with Officer Perrotti's interactions with the driver. Additionally, Mr. Francis testified not even five minutes had elapsed between the time the car was pulled over and the moment Defendant was removed (subsequent to questioning about weapons). There is simply no testimony suggesting the detention was extended for the purpose of asking Mr. Gooch if he possessed a weapon.[5] Thus, it is plain that no unlawfully prolonged detention occurred.

Defendant's argument as to the illegality of the search for--or seizure of--the gun having failed, it follows that his subsequent statements were not obtained as a result of an illegal search for weapons. Accordingly, there is no basis for deeming

---

[5] Even had Defendant been delayed for this reason, the police would have been justified in their questioning given the existence of articulable suspicion that illegal activity, other than the facts giving rise to the traffic stop, was afoot.

them the fruit of a poisonous tree, as argued in the Motion.  *See* Motion at 5.

### **RECOMMENDATION**

Based on the foregoing, it is recommended the Motion (Doc. #24) be **DENIED**.

**ENTERED** at Jacksonville, Florida, this 6th day of July, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record
    and pro se parties, if any

-7-